IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:05-815-HMH |
| vs. | ) | |
| | ) | |
| Remario Revonte Austin, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

    This matter is before the court on Remario Revonte Austin's ("Austin") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and the pertinent law, the court summarily dismisses Austin's § 2255 motion.

## I. Factual and Procedural Background

    On February 16, 2006, Austin pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty or more grams of cocaine base and was sentenced to seventy-eight (78) months' imprisonment on May 17, 2006. Austin filed a § 2255 motion on May 14, 2007, alleging that his counsel was constitutionally ineffective for failing to timely appeal. The court vacated Austin's sentence and immediately reimposed and reinstated his sentence on May 17, 2007. Austin appealed his conviction and sentence. The United States Court of Appeals for the Fourth Circuit affirmed Austin's conviction on November 21, 2007. See United States v. Austin, No. 07-4574, 2007 WL 4142800, at *1 (4th Cir. Nov. 21, 2007) (unpublished). Austin filed the instant § 2255 motion on May 15, 2008.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

Austin argues that his counsel was constitutionally "ineffective for failing to object to the [court's] decision not to give petitioner acceptance of responsibility reduction." (Austin's § 2255 Mot. 5.) Austin was arrested for new criminal conduct after pleading guilty, but prior to sentencing. (Austin's Mem. Supp. § 2255 Mot. 6.) Austin alleges that his counsel knew that the government had fabricated charges against him in order to prevent him from obtaining acceptance of responsibility.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Brown must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Brown must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Austin raised this issue directly on appeal alleging that the court had erred in failing to apply a three-point reduction to his guidelines range. The court adopted the findings in the presentence investigation report ("PSR") without objection. The Fourth Circuit held that "it was not error for the district court to refuse to apply a three-point reduction to Austin's Guidelines range because the Guidelines' commentary explicitly provides that a district court may consider whether the defendant withdrew from criminal conduct when determining whether to apply the three-point reduction for acceptance of responsibility." Austin, 2007 WL 4142800,

at *1. Austin cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). In addition, Austin "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." Clemons v. United States, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (unpublished).

Further, even assuming Austin could allege this claim under the guise of ineffective assistance of counsel, it is wholly without merit. Given that the court's refusal to apply the three-point reduction was proper, Austin has failed to show how his counsel was constitutionally ineffective for failing to raise an objection. Likewise, Austin has failed to show how his counsel's failure to object has prejudiced him. See e.g., United States v. Scales, 231 F. Supp. 2d 437, 445 (E.D. Va. 2002). Therefore, this claim is wholly without merit.

Finally, Austin moves the court to lower his sentence based on his post-conviction rehabilitation pursuant to 18 U.S.C. § 3553(a). Austin states that he has taken numerous classes within the Bureau of Prisons. However, § 3553(a) outlines the factors the court should consider at sentencing. This request is without merit and is denied.

It is therefore

**ORDERED** that Austin's § 2255 motion is denied.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            United States District Judge

Greenville, South Carolina
May 21, 2008

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.